# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-0162V

PAMELA M. LEATHERS,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: July 18, 2024

*Kelly Danielle Burdette, Burdette Law, North Bend, WA, for Petitioner.*

*Lara A. Englund, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 18, 2020, Pamela M. Leathers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received in her left deltoid on October 20, 2018. ECF No. 1. On August 24, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 51.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $15,371.67 (representing $14,621.75 for attorney's fees plus $749.92 for costs). Application for Attorney's Fees and Costs ("Motion") filed February 22, 2024. ECF No. 54. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. *Id*. at 22.

Respondent reacted to the motion on March 7, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 55. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id*. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for attorneys Kelly D. Burdette ($300 per hour) and Douglas Lee Burdette ($425 per hour) for all time billed in the 2019-21 timeframe require adjustment.

In prior decisions, Kelly Burdette was awarded the *lesser* rate of $275 per hour for her time billed in the 2019-21 timeframe; and Douglas Burdette was awarded the *lesser* rate of $400 per hour for his time billed in the 2019-21 timeframe. *See Garcia* v. *Sec'y of Health & Hum. Servs.,* No. 18-0401V, Slip Op. 73 (Fed. Cl. Spec. Mstr. July 26, 2021). I find no reason to deviate from such reasoned determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs*., No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). This results in a reduction of attorney's fees to be awarded of **$547.50**.[3]

Additionally, for attorney Kelly Burdette, Petitioner requests the hourly rate of $300 for all time billed in the 2022-23 timeframe. I find the requested rate reasonable and consistent with our prior determinations and will therefore be adopted herein.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Motion at 14-23. Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. **I award a total of $14,824.17 (representing $14,074.25 for attorney's fees plus $749.92 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Kelly Danielle Burdette.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

---

[3] This amount consists of ($300 - $275 = $25 x 6.90hrs = $172.50) + ($425 - $400 = $25 x 15.00hrs = $375.00) = $547.50.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master